UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

KENTUCKY MIST MOONSHINE INC.

      Plaintiff,

Case No. _____

v.

UNIVERSITY OF KENTUCKY

      Defendant.

## COMPLAINT FOR DECLARATORY RELIEF REGARDING U.S. TRADEMARK REGISTRATION 2,066,804 FOR THE MARK "KENTUCKY"

Plaintiff Kentucky Mist Moonshine Inc. (hereafter sometimes referred to as "Plaintiff" or "Kentucky Mist Moonshine"), through counsel, brings this action against Defendant, the University of Kentucky (hereafter sometimes referred to as "UK" or "Defendant") and alleges as follows:

### NATURE OF THE ACTION

1. This action arises out of the Defendant's threatened legal action against Kentucky Mist Moonshine for its pursuit of a federal trademark registration for the KENTUCKY MIST MOONSHINE mark for hats, hooded sweatshirts, jackets, pants, shirts, shoes, and socks in international trademark class 25 based upon its registration of the KENTUCKY mark on the United States Patent and Trademark Office ("USPTO") principal register of trademarks.

2. This action seeks a partial cancellation or reformation of the KENTUCKY mark in international trademark class 25 as well as a declaration by the Court that there is no likelihood of confusion between the marks, there is no trademark dilution caused by either the registration of the KENTUCKY MIST MOONSHINE mark or the commercial use of the mark, there is no

infringement of the KENTUCKY mark by the Plaintiff, and all reasonable attorneys' fees and costs.

## PARTIES

3.   Plaintiff, Kentucky Mist Moonshine Inc., is a corporation organized under the laws of the Commonwealth of Kentucky and operating from its principle place of business at 128 East Main Street, Whitesburg, KY 41858.

4.   Kentucky Mist Moonshine is a manufacturer of distilled spirits and sells goods, including clothing, bearing its name and logo in an on-site gift shop.

5.   Defendant, the University of Kentucky, is an educational institution operating from its principle place of business in Lexington, KY 40506.

## JURISDICTION AND VENUE

6.   This Court has subject matter jurisdiction of this action under, and by virtue of 28 U.S.C. §§ 1331, 1338, and 15 U.S.C. §1121.

7.   Venue is proper in this judicial district pursuant to 28 U.S.C. §1391 as a substantial part of the events occurred in this judicial district, and the Defendant resides in this judicial district.

8.   This Court is authorized to grant a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, as implemented through Federal Rule of Civil Procedure 57.

9.   This Court is authorized to grant Kentucky Mist Moonshine's prayer for relief regarding costs, including a reasonable attorney's fee, pursuant to 15 U.S.C. § 1117.

## RELEVANT FACTS

10. "Kentucky" is a geographical location and the word has been commonly used since at least 1792.

2

11. The University of Kentucky is the owner of U.S. Trademark Registration 2,066,804 (hereafter the "KENTUCKY mark") for the word "Kentucky" in international trademark class 25 for swim suits, hats, sweaters, children's football/baseball jerseys, sweatshirts, T-shirts, shoes, shorts, jackets, athletic jerseys, and aprons (see Exhibit A).

12. The word "Kentucky" appears in 45 USPTO registered trademarks unrelated to and not owned by the University of Kentucky, 11 of which predate the Defendant's federal trademark application (Exhibit B).

13. The word "Kentucky" is commonly found on articles of clothing in association with businesses, organizations, government agencies, and brands that are unaffiliated with and not sponsored by the University of Kentucky.

14. The University of Kentucky was aware of the widespread use of the word Kentucky by businesses, organizations, government agencies, and brands that are unaffiliated with and not sponsored by the University of Kentucky prior to the filing of its federal trademark application for the KENTUCKY mark.

15. Kentucky Mist Moonshine is a manufacturer of distilled spirits and sells articles of clothing bearing its KENTUCKY MIST MOONSHINE mark.

16. The University of Kentucky is an educational institution.

17. The federal trademark application for the KENTUCKY mark was filed on April 5, 1996 in the USPTO.

18. The federal trademark application for the KENTUCKY mark was granted on June 3, 1997 by the USPTO.

19. During the prosecution of the KENTUCKY mark the Defendant made a claim for acquired distinctiveness by claiming substantially exclusive and uncontested use of the word

3

"Kentucky" in class 25 for the five years preceding the date of the claim for acquired distinctiveness.

20. Kentucky Mist Moonshine filed a federal trademark application in the USPTO for their KENTUCKY MIST MOONSHINE mark on March 25, 2015 as application serial number 86577855 (Exhibit C).

21. The Plaintiff's use of the word "Kentucky" in its mark is a geographical reference.

22. The Plaintiff's use of the word "Kentucky" in its mark is fair use under federal trademark law.

23. Plaintiff has made a significant investment in time and money in developing its branding using the KENTUCKY MIST MOONSHINE mark.

24. The Defendant mailed a cease and desist letter to the Plaintiff on or about October 12, 2015 (Exhibit D).

25. The aforementioned cease and desist letter demanded that the Plaintiff abandon federal trademark application serial number 86577855 and avoid using the KENTUCKY MIST MOONSHINE mark with the Defendant's color schemes and/or other indicia associated with the University.

26. The Defendant further stated in the cease and desist letter that their position is that the use of the KENTUCKY MIST MOONSHINE mark on articles of clothing is likely to cause deception, confusion, and mistake as to the Plaintiff's affiliation, connection or association with the Defendant and as to the Defendant's sponsorship or approval of the Plaintiff's activities in violation of 15 U.S.C. §1125 and applicable state law.

27. In the aforementioned cease and desist letter, the Defendant threatened to file a Notice of Opposition against the Plaintiff's federal trademark application with the Trademark Trial and Appeal Board ("TTAB") of the USPTO, and take "further action" as it deems necessary.

## CAUSES OF ACTION

### COUNT 1
### Partial Cancellation or Reformation of Mark under 15 U.S.C. §§ 1119, 1052(f) and 28 U.S.C. 1064

28. Kentucky Mist Moonshine repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

29. The University of Kentucky asserts trademark rights for the word "Kentucky" as applied to clothing.

30. UK's KENTUCKY mark does not constitute a valid and protectable trademark because it is primarily a well-known geographic reference that lacks distinctiveness and does not serve as a source identifier for the Defendant.

31. The KENTUCKY mark has not acquired distinctiveness in international trademark class 25 through substantially exclusive and continuous use because dozens of non-parties have produced clothing bearing the word "Kentucky" both before and since the registration of the KENTUCKY mark.

32. UK was aware of the widespread use of the word "Kentucky" in international trademark class 25 prior to filing its federal trademark application and claiming substantially exclusive and uncontested use of the word "Kentucky" for the 5 years prior to making its claim for acquired distinctiveness.

33. UK's claim that it had substantially exclusive and uncontested use of the word "Kentucky" for the 5 years prior to making its claim for acquired distinctiveness was false and

made with the intent to deceive the USPTO for the purpose of obtaining a registration for the KENTUCKY mark on the USPTO's principal register for trademarks.

34. Kentucky Mist Moonshine is being and will continue to be damaged by UK's continued registration of the KENTUCKY mark in international trademark class 25, as the registration forms the basis of UK's meritless claims of likelihood of confusion and dilution and threats of "further action."

35. In light of the foregoing, the Court should declare UK's purported mark invalid and cancelled in international trademark class 25 or reform the registration to limit the scope of protection to uses of the word "Kentucky" which denote a clear and unambiguous connection to the University of Kentucky pursuant to 28 U.S.C. § 2201-02, 15 U.S.C §§ 1119, 1052(f) and/or 1064.

## COUNT 2
### Declaratory Judgment of No Likelihood of Confusion

36. Kentucky Mist Moonshine repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

37. The University of Kentucky has threatened to file an opposition proceeding in the USPTO seeking to prevent the registration of the KENTUCKY MIST MOONSHINE mark based upon allegations of a likelihood of confusion as to the source, sponsorship, affiliation, or approval of goods.

38. The Plaintiff is entitled to a judicial determination and declaration that there is no likelihood of confusion between the KENTUCKY MIST MOONSHINE mark and the KENTUCKY mark.

39. A declaration of rights is necessary and appropriate at this time so that the Plaintiff may ascertain its rights with respect to the KENTUCKY MIST MOONSHINE mark.

40. In light of the foregoing, the Court should declare that there is no likelihood of confusion between the KENTUCKY MIST MOONSHINE mark and the KENTUCKY mark in any international trademark class of goods and services.

## COUNT 3
### Declaratory Judgment of Non-Dilution

41. Kentucky Mist Moonshine repeats and realleges each and of the foregoing paragraphs as if fully set forth herein.

42. The University of Kentucky has threatened to file an opposition proceeding in the USPTO seeking to prevent the registration of the KENTUCKY MIST MOONSHINE mark based upon allegations of trademark dilution.

43. The Plaintiff is entitled to a judicial determination and declaration that the KENTUCKY mark lacks sufficient recognition to function as a famous mark under the Trademark Dilution Revision Act of 2006, therefore there is no dilution of the KENTUCKY mark by the Plaintiff's commercial use of the words "Kentucky Mist Moonshine" in any class of goods or services.

44. A declaration of rights is necessary and appropriate at this time so that the Plaintiff may ascertain its rights with respect to the KENTUCKY MIST MOONSHINE mark.

45. In light of the foregoing, the Court should declare that there is no dilution of the KENTUCKY mark by the Plaintiff's commercial use of the words "Kentucky Mist Moonshine" in any international trademark class of goods or services.

## COUNT 4
### Declaratory Judgment of Non-Infringement

46. Kentucky Mist Moonshine repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

47. The Plaintiff, based upon the threat of "further action" has a good faith belief that the University of Kentucky will pursue a civil action alleging that the use of the KENTUCKY MIST MOONSHINE mark on clothing constitutes an infringement of the KENTUCKY mark.

48. The Plaintiff is entitled to a judicial determination and declaration that its use of the KENTUCKY MIST MOONSHINE mark does not infringe the rights of the University of Kentucky to its KENTUCKY mark.

49. A declaration of rights is necessary and appropriate at this time so that the Plaintiff may ascertain its rights with respect to the KENTUCKY MIST MOONSHINE mark.

50. In light of the foregoing, the Court should declare that there is no infringement of the KENTUCKY mark by the Plaintiff's commercial use of the words "Kentucky Mist Moonshine" in any international trademark class of goods or services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment as follows:

(a) a declaration by this Court cancelling or reforming the registration of the KENTUCKY mark in international trademark class 25;

(b) a declaration by this Court that there is no likelihood of confusion between the KENTUCKY mark and the KENTUCKY MIST MOONSHINE mark;

(c) a declaration by this Court that there is no dilution of the KENTUCKY mark by the use of the words KENTUCKY MIST MOONSHINE;

(d) a declaration by this Court that there is no infringement of the KENTUCKY mark by Kentucky Mist Moonshine Inc.'s use of the KENTUCKY MIST MOONSHINE mark;

8

(e) a finding by this Court that this case is exceptional under the 15 U.S.C. § 1117 and award Kentucky Mist Moonshine Inc. their costs of suit, including reasonable attorneys' fees and expenses as provided by law;

(f) trial by jury; and

(g) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

/jim francis/

James M. Francis
Kentucky Bar No. 89834
FOWLER BELL PLLC
300 W Vine St., Ste 600
Lexington, KY 40507
Phone: (859) 252-6700
Fax:     (859) 255-3735
Counsel for Kentucky Mist Moonshine Inc.

## VERIFICATION

COMMONWEALTH OF KENTUCKY          )

                                                      )

COUNTY OF _Letcher_                    )

       Colin Fultz, being duly sworn, deposes and attests:

       I am the President of Kentucky Mist Moonshine, Inc. I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

 

                                             Colin Fultz

 

       The foregoing verification was subscribed, sworn to, and acknowledged before me by Colin Fultz, on this the 29th day of October, 2015.

My commission expires on ___Nov. 2 2016___.



                                ___KenTucky___

                                Notary Public, State at Large

4815-3245-7770, v. 1

                                Natasha Campbell

                                Natasha Campbell